

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# USA v. Sarraga-Solana

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Sarraga-Solana" (2008). *2008 Decisions.* Paper 1688.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1688

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4163
_____

UNITED STATES OF AMERICA

v.

JESUS SARRAGA-SOLANA,

Appellant.

_____

On Appeal from the United States District Court
for the District of Delaware
(No. 04-cr-00144-6)
District Judge: Hon. Joseph J. Farnan

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2007

Before: McKEE, CHAGARES, and HARDIMAN, Circuit Judges.
_____

(Filed  January 29, 2008 )

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Defendant Jesus Sarraga-Solana was tried and convicted by a jury of conspiracy to

distribute more than one kilogram of heroin and aiding and abetting the possession with

the intent to distribute 100 grams or more of heroin.  On September 7, 2006, the District

Court sentenced him to 360 months of incarceration. Sarraga-Solana appeals his conviction and sentence, contending that the District Court improperly denied his motion to suppress evidence seized from his residence pursuant to a search warrant, as well as statements he made to the arresting officers. We reject defendant's arguments and will affirm.

I.

Because we write only for the parties, we keep the facts brief. On December 15, 2004, Magistrate Judge Faith M. Angell issued search warrants for four residences in Philadelphia, Pennsylvania, including Sarraga-Solana's residence at 9352 Neil Road, Apt. A, based on an affidavit of probable cause submitted by Drug Enforcement Administration Special Agent Michael J. Laravia.

According to the affidavit, in November and December 2004, surveillance officers observed a maroon Plymouth minivan driven by Alberto Olmo-Estrada making regular trips from Philadelphia to Wilmington, Delaware to deliver packages to Anthony Copeland and Kevin White. Copeland and White were under investigation for receiving "significant amounts of heroin from Heriberto Lozada, Alberto Olmo-Estrada, and others currently unknown from Philadelphia." App. 40-41. Copeland and White would hide the packages they received in a 1984 blue Oldsmobile Cutlass. When agents obtained a search warrant for the Oldsmobile on December 10, 2004, they found a plastic bag similar to the one that Copeland was seen receiving from the maroon minivan. The bag contained 5004 retail size bags of heroin, weighing over 100 grams in total.

2

The affidavit documented multiple occasions on which the maroon minivan, driven by Olmo-Estrada, was seen stopping at, or near, 9352 Neil Road either before or after trips to Wilmington. A record check revealed that the electric bills at 9352 Neil Road, Apt. A were in the name of Sarraga-Solana. In addition, surveillance officers observed Olmo-Estrada with Sarraga-Solana in a Range Rover SUV outside 1331 Howell Street in Philadelphia, another residence suspected of drug activity for which agents were also seeking a search warrant. The Range Rover was also seen at 9352 Neil Road, and on another occasion, surveillance officers observed Sarraga-Solana with Olmo-Estrada entering 1331 Howell Street.

Special Agent Laravia concluded, "[b]ased on these observations, and on the totality of contacts between persons who appear to share vehicles and appear at these addresses, as well as the intercepted telephone calls, . . . that the proceeds of heroin sales made to Copeland and White in Wilmington are returned to 9352 Neil Road, Apt. A, in Philadelphia." App. 63.

On December 16, 2004, the DEA agents executed the search warrant at 9352 Neil Road, Apt. A, taking physical evidence, including a phone and phonebook, a kilogram wrapper with heroin residue, documentation connecting Sarraga-Solana to the vehicles and properties under investigation and an inculpatory statement from Sarraga-Solana. Prior to trial, Sarraga-Solana filed a motion to suppress evidence.

The District Court held a hearing and denied the motion in a thorough opinion on September 27, 2005. The District Court rejected Sarraga-Solana's argument that there was no probable cause to support a finding that he was involved in illegal activity or that his residence might contain evidence of a crime. The District Court concluded that "the Magistrate Judge had a substantial basis for finding probable cause to believe that there was evidence of crime, most likely cash from the sale of drugs, at 9352 Neil Road" and "a substantial basis for finding that Defendant was connected to the Philadelphia-Wilmington drug activity." App. 9-10. The District Court explained that even if the Magistrate Judge did not have a substantial basis for finding probable cause, the good faith exception would apply, because the officers had no reason to believe the warrant issued was invalid and they acted in good faith on the Magistrate Judge's determination. Sarraga-Solana proceeded to a jury trial on October 5, 2005, and the jury found him guilty on two counts of the superseding indictment. He now appeals.

II.

We review the District Court's factual findings for clear error and exercise plenary review over the District Court's legal determinations regarding the denial of a motion to suppress. United States v. Shields, 458 F.3d 269, 276 (3d Cir. 2006). In cases such as this one, where the District Court based its ruling on facts contained within an affidavit offered in support of a search warrant, we exercise plenary review over the District Court's conclusions regarding the propriety of the Magistrate Judge's probable cause

4

determination. United States v. Ritter, 416 F.3d 256, 261 (3d Cir. 2005); United States v. Williams, 3 F.3d 69, 71 n.2 (3d Cir. 1993). However, we apply the same deferential standard of review as the District Court to the Magistrate Judge's decision to authorize the search and consider whether the Magistrate Judge had a "'substantial basis for . . . conclud[ing]' that probable cause existed." United States v. Conley, 4 F.3d 1200, 1205 (3d Cir. 1993) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

Furthermore, even where the Magistrate Judge does not have a substantial basis for finding probable cause, that fact alone is not enough to trigger the "extreme sanction of exclusion." See United States v. Leon, 468 U.S. 897, 926 (1984). The Supreme Court has observed that a warrant issued by a Magistrate Judge "normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." Leon, 468 U.S. at 922 (quotation marks omitted). We have explained that the "test for whether the good faith exception applies is 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Loy, 191 F.3d 360, 367 (3d Cir. 1999) (quoting Leon, 468 U.S. at 922 n.23). We exercise plenary review over the District Court's determination that the good faith exception to the exclusionary rule applies. United States v. Hodge, 246 F.3d 301, 307 (3d Cir. 2001).

Sarraga-Solana contends that the District Court erred in denying his motion to suppress evidence obtained pursuant to the search warrant issued for 9352 Neil Road, Apt. A. He claims that the information in the affidavit of probable cause did not set forth a basis for linking him or his residence with the drug investigation being conducted by the Government. Specifically, he argues that surveillance did not reveal any person entering or leaving 9352 Neil Road, Apt. A with bags or other items believed to contain the proceeds from a drug transaction, and DEA surveillance could not establish that Apt. A, as opposed to another unit was the appropriate target of an investigation. According to Sarraga-Solana, the Magistrate Judge did not have a substantial basis for finding that contraband or drug proceeds would be located at 9352 Neil Road, Apt. A, and the warrant did not support the conclusion that drug proceeds from the transactions in Wilmington were deposited at 9352 Neil Road. We disagree.

The Magistrate Judge may find probable cause to issue a search warrant "when, viewing the totality of the circumstances, 'there is a fair probability that . . . evidence of a crime will be found in a particular place.'" United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents ($92,422.57), 307 F.3d 137, 146-47 (3d Cir. 2002) (quoting Gates, 462 U.S. at 238). In addition, we have repeatedly stated that "direct evidence linking the residence to criminal activity is not required to establish probable cause." United States v. Burton, 288 F.3d 91, 103 (3d Cir. 2002); United States

v. Jones, 994 F.2d 1051, 1056 (3d Cir. 1993). Rather, "an accumulation of circumstantial evidence" can be sufficient to demonstrate a fair probability that evidence of criminal activity is present at a residence. Id. Moreover, we must give the Magistrate Judge's probable cause determination "great deference." See Gates, 462 U.S. at 236 (quotation marks omitted).

The affidavit explained that a maroon minivan, which agents believed Olmo-Estrada used to transport drugs to White and Copeland for distribution in the Wilmington area, was observed outside Sarraga-Solana's residence on multiple occasions before and after trips to Wilmington. The connection between the maroon minivan and drug activity was confirmed by the search of the Oldsmobile "stash" vehicle, in which agents found over 100 grams of heroin, following a meeting between Copeland and Olmo-Estrada. In addition, Sarraga-Solana was observed in a black Range Rover with Olmo-Estrada outside of 1331 Howell Street, an apartment suspected of involvement in drug activity. Sarraga-Solana was also observed entering that apartment building with Olmo-Estrada. Furthermore, other cars, which agents suspected of use in drug-related meetings, were observed parked outside of defendant's apartment.

Although the affidavit in support of the search warrant did not set out direct evidence of drug activity at 9352 Neil Road, Apt. A, the affidavit provided the Magistrate Judge with sufficient evidence of a circumstantial connection between the defendant's residence and a pattern of drug activity. See, e.g., Burton, 288 F.3d at 104; Hodge, 246

F.3d at 306; Jones, 994 F.2d at 1056. The affidavit set forth sufficient facts for the Magistrate Judge to conclude that there was a fair probability that evidence of illegal drug activity would be found at 9352 Neil Road, Apt. A. The Magistrate Judge therefore had a substantial basis for authorizing a search warrant for Sarraga-Solana's residence.

IV.

Sarraga-Solana also argues that the good faith exception to the exclusionary rule does not apply in this case. We disagree. Even if the Magistrate Judge lacked a substantial basis for issuing the warrant, the evidence seized was not inadmissible. The Fourth Amendment only forbids unreasonable searches and seizures. Ritter, 416 F.3d at 261. Under the good-faith exception to the exclusionary rule, suppression "is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority." Williams, 3 F.3d at 74.

We have identified only four situations in which suppression is appropriate:

> 1. Where the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit;
>
> 2. Where the magistrate abandoned his or her judicial role and failed to perform his or her neutral and detached function;
>
> 3. Where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or
>
> 4. Where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

United States v. Zimmerman, 277 F.3d 426, 436-37 (3d Cir. 2002). Sarraga-Solana's argument that "Agent Laravia could not have possessed a sincerely held and objectively reasonable belief that the warrant [was] based on a valid application of the law to all known facts [as they related to 9352 Neil Road, Apt. A]" is unavailing. Appellant Br. at 25 (quoting Zimmerman, 277 F.3d at 438 (quotation marks omitted)).

We have identified very few situations in which an affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." These include affidavits based on conclusory assertions, a single piece of outdated evidence, or an uncorroborated or unreliable anonymous tip. Ritter, 416 F.3d at 263; Zimmerman, 277 F.3d at 437; Williams, 3 F.3d at 74. In contrast, the affidavit at issue in this case was based on current information, collected in the days and weeks leading up to the application for the warrant. As described above, the assertions were based on an extensive investigation and surveillance. Accordingly, we hold that this case would fall under the good faith exception to the exclusionary rule, and suppression of the evidence seized would therefore have been inappropriate.

V.

For the foregoing reasons, we will affirm the District Court's judgment.